**Juan PUGA–SANCHEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76577.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Jesus Manuel Sanchez, Esquire, J. Manuel Sanchez & Associates, San Ysidro, CA, for Petitioner.

District Director, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, Leslie McKay, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Juan Puga–Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and review de novo questions of law and claims of due process violations, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

Before the agency, Puga–Sanchez admitted the factual allegations and conceded the charge under 8 U.S.C. § 1182(a)(6)(E)(i) in the Notice To Appear. To the extent Puga–Sanchez now contends that he did not knowingly participate or otherwise assist in the smuggling attempt, we lack jurisdiction. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review contentions not raised before the agency).

Contrary to Puga–Sanchez's contentions, the agency did not abuse its discretion in denying his motion to continue. *See* 8 C.F.R. § 1003.29; *Sandoval–Luna*, 526 F.3d at 1247 (denial of continuance was within IJ's discretion where relief was not immediately available); *see also Sanchez v. Holder*, 560 F.3d 1028, 1031–34 (9th Cir. 2009) (en banc) (family unity waiver under 8 U.S.C. § 1182(d)(11) is not available to aliens seeking to establish good moral character for purposes of cancellation of removal). Puga–Sanchez's contention that the denial of a continuance was a violation of due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

We lack jurisdiction to review Puga Sanchez's challenge to the agency's denial of voluntary departure. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229c(f).

Puga–Sanchez's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**